IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AUDREA L. GINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-0184-DGK-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Audrea L. Gines seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et. seq.* Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Gines, who is representing herself, contends she is disabled due to arthritis and high blood pressure. R. at 118. The Administrative Law Judge ("ALJ") denied Plaintiff's application, finding that while she suffered severe impairments of back pain, arthritis in her knees, and wrist pain, she could perform past relevant work as a blood donor assistant.

After carefully reviewing the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

Plaintiff filed her application on March 22, 2010. R. at 12, 98-104. The Commissioner initially denied her claim on August 10, 2010. R. at 12. Following a hearing, the ALJ determined Plaintiff was not disabled under the Act and denied her application on July 20, 2011.

Plaintiff appealed, and on September 14, 2011, the Appeals Council denied her request for review, leaving the ALJ's decision as the Commissioner's final decision.

To be eligible for SSI benefits, the Plaintiff must establish that she was disabled while her application was pending. 42 U.S.C. § 1382c. Thus, the relevant time period the Court considers for her claim is from March 22, 2010 through July 20, 2011. The Court considers her medical history prior to March 22, 2010 for background purposes only.

A summary of the medical record is presented in the Commissioner's brief and is repeated only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported

by substantial evidence on the record as a whole. To establish entitlement to benefits, Plaintiff must show that she is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

Although Plaintiff's arguments are somewhat unclear, it appears she is arguing the ALJ erred by: (1) discounting the credibility of her allegations of disabling pain; and (2) improperly determining her residual functional capacity ("RFC"). The Court finds no merit to these arguments.

## I. The ALJ's credibility analysis is supported by substantial evidence on the record.

Plaintiff disputes the ALJ's credibility determination. She argues she can stand for at most ten minutes, Pl.'s Br. at 1, and she testified at her hearing that her back and knee pain were disabling, claiming that on a scale of 1 – 10 (1 being low pain, and 10 being excruciating pain), her back pain is an 8 and her knee pain is a 10. R. at 29, 34-35. The ALJ found Plaintiff's reports of her symptoms were not credible to the extent they were inconsistent with his RFC assessment.

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

As a threshold matter, credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the plaintiff and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates the inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

The ALJ properly determined that Plaintiff's allegations of disabling physical limitations were inconsistent with the evidence as a whole. R. at 14-18. The ALJ concluded that the objective medical evidence did not support Plaintiff's subjective allegations of disability. R. at 16-18. The record contains only one radiological report, a bone density screening x-ray, which showed osteopenia of Plaintiff's lumbar spine and hips, R. at 218-19, and the progress notes from her treating physician, Dr. James Webb, D.O., during the relevant time period make no significant physical or clinical examination findings. R. at 206-07, 215-17. By contrast, the consultative examination performed by Dr. Neal Anson, M.D., indicated that Plaintiff had full functional range of motion in her shoulders, elbows, wrists, knees, ankles, and hips with some tenderness; only mild effusion in both knee joints; full functional range of motion in her cervical spine; and that her gait and station were slow and deliberate but otherwise normal. R. at 211-12. Dr. Anson also noted she was also able to get on and off the examination table without difficulty, and she could heel-and-toe and tandem walk with only mild difficulty. R. at 211-12. While an

4

ALJ may not disregard a claimant's subjective allegations solely because they are not fully supported by objective medical evidence, he may properly discount them where, as here, there are inconsistencies in the record as a whole. *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006); 20 C.F.R. § 416.929(c).

Additionally, as the ALJ noted, Plaintiff has not obtained the type of medical treatment one would expect from an individual suffering from a totally disabling condition. While Plaintiff alleges disabling pain in her back and knees, she does not use any type of assistive device, has not undergone surgery of any kind or had surgical intervention even discussed with her, has not received any chiropractic care, and, other than medication, has not been prescribed any other pain management treatment. R. at 17, 29-30. Plaintiff has not received any treatment for her wrist pain either, and no objective testing, such as a nerve conduction study, has been recommended or discussed. R. at 17. That Plaintiff sought and received only routine and non-aggressive medical treatment for her allegedly disabling pain substantially detracts from her claim. *Edwards v. Barnhart,* 314 F.3d 964, 967 (8th Cir. 2003).

What little treatment Plaintiff has received has been essentially routine and conservative, consisting of prescription medication which alleviated her symptoms: Celebrex lessened her knee pain, and her low back pain was "quite better" when she took Tramadol. R. 210. Successful treatment of her symptoms weighs against a disability finding. *Davidson v. Astrue,* 578 F.3d 838, 846 (8th Cir. 2009).

The ALJ also properly found that Plaintiff's described daily activities were not as limited as one would expect given her complaints. It is well-established that "[a]llegations of pain may be discredited by evidence of daily activities inconsistent with such allegations." R. at 17. *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001). Here, Plaintiff indicated that she was able to cook

5

meals, do laundry, wash dishes, take care of her teenage son, use public transportation, shop for food, and read.  R. at 17, 145-52.  She also testified that she showered without assistance, had a driver's license, and clothed herself, although she had problems with zippers.  R. at 17, 30-31.

Finally, the ALJ did not err in assessing Plaintiff's credibility by giving more weight to Dr. Anson's consultative examination than to Dr. Webb's RFC questionnaire.  While a consultative examiner's opinion is not, by itself, substantial evidence, *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011), "an ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence."  *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).  Dr. Anson opined that Plaintiff should be able to sit, stand, and walk for eight hours, 30 minutes, and 30 minutes at a time, respectively; lift and carry up to 20 pounds; and travel and drive in a car without any difficulty. R. at 17, 212.  On the other hand, Dr. Webb's questionnaire departs substantially from the rest of the evidence of record.  This is reason enough to discount a treating physician's opinion. *Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004).  As the ALJ noted, the extreme limitations suggested in Dr. Webb's questionnaire uncritically accepts Plaintiff's subjective complaints, and the ALJ properly discounted them for that reason.  R. at 17.  *Kirby v. Astrue,* 500 F.3d 705, 709 (8th Cir. 2007).  The suggestion that Plaintiff is physically unable to work is also inconsistent with Dr. Webb's contemporaneous treatment notes from the relevant time period, which bolsters the ALJ's decision to discount Dr. Webb's opinion.  An ALJ properly discounts a treating physician's opinion that is inconsistent with the doctor's own treatment notes.  *Strongson v. Barnhart,* 361 F.3d 1066, 1070-71 (8th Cir. 2004).

Consequently, the ALJ did not err in discounting Plaintiff's credibility concerning her subjective complaints.

6

## II. The ALJ properly determined Plaintiff's RFC.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. 20 C.F.R. § 416.945. An ALJ's RFC finding is based on *all* of the record evidence, including the claimant's testimony regarding his or her symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). Although the RFC formulation is a part of the medical portion of a disability adjudication (as opposed to the vocational portion), it is not based only on "medical" evidence, *i.e.*, evidence from medical reports or sources; rather, an ALJ has the duty to formulate a claimant's RFC based on all the relevant, credible evidence of record. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). In formulating an RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect" the claimant's ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). Before the ALJ can determine an applicant's RFC, he must assess the credibility of the claimant's subjective complaints. *Cox*, 495 F.3d at 619.

The ALJ found that Plaintiff retained the RFC to perform light work with some restrictions: She can sit, stand, or walk for no more than six hours in an eight hour workday; she can lift ten pounds frequently and up to twenty pounds occasionally; because of back pain, she requires a sit/stand option; she is subject to occasional postural limitations such as squatting, crouching, crawling, bending, and climbing; she cannot climb ladders, ropes, or scaffolds; she must avoid environmental exposure to dust, odors, fumes, gases, and chemicals due to her chronic obstructive pulmonary disease; and she must avoid dangerous machinery and heights. R. at 15. As discussed above, the ALJ did not err in discounting Plaintiff's subjective complaints. The ALJ's RFC determination is supported by the medical record, Plaintiff's activities of daily

living, the fact that her pain can be controlled through medication, and Dr. Anson's report.  Thus, substantial evidence on the record supports the ALJ's findings.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 5, 2013  	  /s/ Greg Kays
	GREG KAYS, JUDGE
	UNITED STATES DISTRICT COURT